**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-00561-CMA-KMT

ENTITLE INSURANCE COMPANY, an Ohio corporation,

    Plaintiff/Judgment-Creditor,

v.

CHRISTOPHER L. DURLING, a Utah citizen,
DIRECT TITLE INSURANCE AGENCY, INC., a Colorado corporation,
SPOKO ENTERTAINMENT, LLC, a Utah limited liability company, and
ONGURIA, LLC, a Utah limited liability company,

    Defendants/Judgment-Debtors.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR TURNOVER ORDER**

---

    This matter is before the Court on Plaintiff's "Motion for Turnover Order" (Doc. # 60), filed on November 18, 2011.  In this Motion, Plaintiff moves the Court for entry of a Turnover Order against Defendants Christopher Durling ("Durling") and Direct Title Insurance Agency, Inc. ("DT-Colorado"), against whom judgment was entered by consent in the amount of $3.9 million.  (Doc. # 55.)

    Under the terms of the Settlement Agreement, Plaintiff agreed not to execute on the Consent Judgment if defendants Durling and DT-Colorado made certain installment payments to Plaintiff.  (Doc. # 57-2, ¶¶ 1-3.)  The first payment of $50,000 as due on October 31, 2011.  Durling and DT-Colorado failed to make the first payment.  (Doc. # 60-1, ¶ 4.)  As a result, Plaintiff is no longer contractually obligated to forbear from enforcing the Consent Judgment.  (Doc. # 57-2, ¶¶ 5-6.)

A third party currently has possession of computer equipment owned by DT Colorado.[1] Plaintiff requests that the Court order Durling and DT-Colorado to transfer ownership of that equipment to Plaintiff as partial satisfaction of the Consent Judgment.[2]

Federal Rule of Civil Procedure 69(a) allows a judgment creditor to return to the district court where the judgement was entered to seek the court's assistance in enforcing the judgment. *Gagan v. Monroe*, 269 F.3d 871, 873 (7th Cir. 2001). Under Rule 69(a), the Court may enter a turnover order "in aid of execution" of the Consent Judgment, provided that it defers to state law to provide methods for collecting judgment. *See United Int's Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1235 (10th Cir. 2000). Colorado Rule of Civil Procedure 69(g) provides:

> The court, master, or referee may order any party or other person over whom the court has jurisdiction, to apply any property other than real property, not exempt from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment. Any party or person who disobeys an order made under the provisions of this Rule may be punished for contempt. Nothing in this Rule shall be construed to prevent an action in the nature of a creditor's bill.

---

[1] An attachment to Plaintiff's Motion lists all the computer equipment owned by DT-Colorado in the third-party's possession. (Doc. # 60-2.)

[2] After Judgment was entered, Defendant Durling filed a notice of bankruptcy. (Doc. # 62.) As a result, any efforts to enforce the Consent Judgment against him are automatically stayed. *See* 11 U.S.C. § 362. However, Plaintiff indicates in the instant motion that the computer equipment is owned by DT-Colorado, which did not file for bankruptcy. The Court also notes that Defendant Durling's bankruptcy estate has not claimed any interest in the computer equipment. Thus, the Court may order DT-Colorado to turn over the computer equipment, notwithstanding Defendant Durling's notice of bankruptcy.

The computer equipment is not real property.  *See* Black's Law Dictionary 1337 (9th ed. 2009) (defining "real property" as "[l]and and anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land."). Thus, under the express language of Col. R. Civ. P. 69(g), the Court may order DT-Colorado to turn over this computer equipment in partial satisfaction of the Consent Judgment.

Accordingly, IT IS ORDERED THAT Plaintiff's Motion for Turnover Order (Doc. # 60) be GRANTED.

IT IS FURTHER ORDERED that Defendant DT-Colorado shall execute the Bill of Sale attached as Exhibit 2 to Plaintiff's Motion (Doc. # 60-2 at 2), and take all steps necessary to transfer ownership, possession and control of the computer equipment listed in Exhibit 2, so that it may be liquidated and applied towards satisfaction of the Consent Judgment.

DATED:  January   25  , 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge