IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00561-CMA-KMT

ENTITLE INSURANCE COMPANY, an Ohio corporation,

      Plaintiff/Judgment-Creditor,

v.

CHRISTOPHER L. DURLING, a Utah citizen,
DIRECT TITLE INSURANCE AGENCY, INC., a Colorado corporation,
SPOKO ENTERTAINMENT, LLC, a Utah limited liability company, and
ONGURIA, LLC, a Utah limited liability company,

      Defendants/Judgment-Debtors.

---

**ORDER DENYING WITHOUT PREJUDICE
MOTION TO WITHDRAW AS COUNSEL OF RECORD**

---

This matter is before this Court on attorneys James D. Kilroy, Dustin L. Kitson, and Christine McCallister Garrison of the law firm Snell & Wilmer, L.L.P. (collectively, "Snell") Motion to Withdraw as Counsel of Record for Defendants (Doc. # 59), filed on November 18, 2011.  In this Motion, Snell seeks to withdraw as counsel of record for Defendants Direct Title Insurance Agency, Inc. and Christopher L. Durling (collectively, "Defendants").[1]  Plaintiff responded on November 29, 2011 and Snell replied on December 16, 2011.  (Doc. ## 61, 63.)  Because Snell's reply contained new arguments that were raised for the first time, the Court allowed Plaintiff opportunity to file a sur-

---

[1] Snell also seeks to withdraw as counsel of record for two other Defendants who have already been terminated.  The requested relief is improper because these Defendants are no longer parties to this case.

reply, which Plaintiff did on January 6, 2012.  (Doc. # 65.)  For the reasons stated

below, the Court denies Snell's motion to withdraw without prejudice.

Pursuant to the Local Rules of the District of Colorado, attorneys may "seek to

withdraw on motion showing good cause."  D.C.COLO.LCivR 83.3.D.  A motion for

withdrawal must state the reasons for withdrawal.  Attorneys must provide notice to the

client that the client is personally responsible for complying with all court orders and

time limitations.  Additionally, where the withdrawing attorney's client is a corporation,

the notice shall state that such a corporation may not appear without counsel admitted

to practice before this Court.  *See id.*  Plaintiff contends that Snell has not provided

"good cause" to support its withdrawal.  The Court agrees.

In Snell's motion, Snell assert that Defendants "do not oppose [their] requested

withdrawal."  (Doc. # 59.)  However, as Plaintiff points out, Snell did not state that

they received permission to withdraw directly from Defendants; rather, Snell relied

exclusively on indirect expressions of Defendants' wishes through the word of "outside

counsel."  The "outside counsel" referenced in Snell's motion have never appeared

before this Court and, to the Court's knowledge, do not represent Defendants in this

matter.  Thus, it is not clear that Defendants' "outside counsel" is authorized to convey

Defendants' instructions.  Furthermore, Snell has failed to provide any evidence

whatsoever to support their claim that Defendants have consented to Snell's withdrawal,

let alone that Defendants have instructed Snell to withdraw*.  See Am. Canine Found. v.*

*City of Aurora*, 2009 WL 302285, at *1 (D. Colo. Feb. 6, 2009).

Accordingly, it is ORDERED that Snell's Motion to Withdraw as Counsel of

Record for Defendants (Doc. # 59) is DENIED WITHOUT PREJUDICE.

DATED:  January  30 , 2012

BY THE COURT:

_____

CHRISTINE M. ARGUELLO
United States District Judge